## EDWARD SOUKUP AND ANOTHER v. CITY OF SLEEPY EYE.

161 N. W. (2d) 36.

August 2, 1968—No. 41,010.

*Young & Donnelly* and *Thomas P. Donnelly, Jr.*, for appellants.
*Carl A. Jensen,* for respondent.

NELSON, JUSTICE.

Motion by plaintiffs for an order remanding an action to the District Court of Brown County for a new trial, or, in the alternative, for an order remanding the matter to said court for further proceedings.

The action involved an alleged nuisance and damage to land caused by surface water. It was first tried in December 1965, and defendant prevailed. A new trial was granted, the case was retried, and again a verdict was returned in favor of defendant on December 16, 1966. Plaintiffs again moved for a new trial in January 1967. Their motion was denied in June 1967, and plaintiffs appealed to this court from the order.

Incident to their appeal, plaintiffs ordered a transcript of the proceedings from the court reporter. In November 1967 the court reporter notified plaintiffs that he was not able to find his notes on the testimony of one of the witnesses. On May 9, 1968, plaintiffs moved the supreme court to remand for a new trial or "further proceedings" on the grounds that they were unable to obtain a transcript of the trial.

Prior to February 1, 1968, Rule 59.01(5), Rules of Civil Procedure, provided that a new trial might be granted where "[a] transcript of the proceedings at the trial cannot be obtained." Rule 59.01 was amended effective February 1, 1968, so that lack of a transcript is no longer grounds

for a motion for a new trial in the district court. The Advisory Committee Note relating to Rule 59.01 [1] points out:

"* * * [O]ther amendments to Rule 59 eliminate the necessity for a transcript or a settled case as a basis for a motion for a new trial. Under the amended Rule 59 the inability to obtain a transcript relates solely to appellate 'practice. If a transcript cannot be obtained or a record cannot be established sufficient to present the questions properly on appeal, the appellate court should resolve the matter by dismissing the appeal or granting a new trial as that court deems best."

It is thus clear that, where all or part of a transcript which forms the basis for an appeal cannot be obtained, this court must determine whether the question on appeal can be adequately presented without the missing portion of the transcript. It follows that, in order to properly carry out this function, the supreme court must be able to determine what the nature of the evidence is, how it relates to the question on appeal, what its relative probative value is, and the extent to which it can be reconstructed from other sources.

Rule 110.03, Rules of Civil Appellate Procedure, provides a method for obtaining a statement of a missing portion of a proceeding:

"If no report of all or any part of the proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within 15 days after service of the notice of appeal, prepare a statement of the proceedings from the best available means, including his recollection. The statement shall be served on the respondent, who may serve objections or propose amendments thereto within 15 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court and the statement as approved by the trial court shall be included in the record."

It is clear that where the lack of all or part of a record forms the basis for a motion for a new trial the moving party *must* comply with the procedure set out in Rule 110.03 so that this court is able properly to deter-

---

[1] 27A M. S. A. p. 469.

mine whether the questions on appeal can be adequately presented without the missing portion of the transcript.

Plaintiffs' motion to remand for a new trial or further proceedings was not made until after February 1, 1968, the effective date of the Rules of Civil Appellate Procedure. Therefore, since the rules apply to that motion, the same must be denied, plaintiffs not having availed themselves of the procedures set out in Rule 110.03.

The trial court's order of June 1967 denying plaintiffs' motion for a new trial is therefore affirmed.

Affirmed.